No.   94-466

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995


MARTIN REDFERN,

       Plaintiff and Appellant,

   v

MONTANA MUFFLER, a Montana
corporation, and KIRK R. WELLS,
JOHN DOE I, JOHN DOE II,
XYZ CORPORATION I, and
XYZ CORPORATION II,

       Defendants and Respondents.

FILED

JUN 06 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Third Judicial District,
               In and for the County of Anaconda-Deer Lodge,
               The Honorable Ted L. Mizner, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          W. M. Hennessey; Hennessey, Joyce, McCarthy &
          Wing, Butte, Montana

      For Respondent:

          Joseph C. Connors, Sr.; Connors Law Firm,
          Anaconda, Montana


               Submitted on Briefs:   May 18, 1995

                      Decided:   June 6, 1995

Filed:

_____
              Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Martin Redfern appeals from the opinion and order of the Third Judicial District Court, Anaconda-Deer Lodge County, granting the motion for summary judgment filed by Montana Muffler and Tire, Inc., and from the judgment of dismissal entered thereon. We affirm.

The facts necessary to our resolution of this appeal are undisputed. Martin Redfern (Redfern) worked for Montana Muffler and Tire, Inc. (Montana Muffler), in Anaconda, Montana. Montana Muffler terminated Redfern's employment effective at the end of his October 24, 1992, shift. Montana Muffler paid Redfern his wages for the previous two weeks by check on October 26, 1992; the check also included compensation for five days of earned vacation time.

On October 29, 1993, Redfern filed a complaint alleging wrongful discharge against Montana Muffler and others in the Second Judicial District Court, Silver Bow County. Montana Muffler moved for a change of venue, the motion was granted and the action was transferred to the Third Judicial District Court.

Montana Muffler answered the complaint, generally denying Redfern's allegations. It also asserted affirmative defenses, including that the action was barred by the statute of limitations.

Montana Muffler subsequently moved for summary judgment on statute of limitations grounds and supported its motion with the affidavit of Kirk R. Wells, its president. The parties briefed the motion, and Redfern filed his affidavit in opposition. The District Court granted Montana Muffler's motion for summary

2

judgment and entered a judgment dismissing Redfern's **complaint.** Redfern appeals.

Did the District Court err in granting Montana Muffler's motion for summary judgment?

We review a district court's grant of summary judgment de novo; summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Spain-Morrow Ranch, Inc. v. West (1994), 264 Mont. 441, 444, 872 P.2d 330, 331-32 (citations omitted). Here, the parties agree with the District Court's determination that no genuine issues of material fact exist relating to the motion for summary judgment. The sole issue before us is whether the court erred in concluding that Montana Muffler was entitled to judgment as a matter of law because Redfern's complaint was barred by the statute of limitations.

Redfern's complaint alleges that Montana Muffler terminated his employment in violation of Montana's Wrongful Discharge From Employment Act (WDEA). An action under the WDEA "must be filed within 1 year after the date of discharge." Section 39-2-911(1), MCA. The District Court determined that Redfern's employment with Montana Muffler ended on October 24, 1992, the date of his discharge. On that basis, the court concluded that Redfern's October 29, 1993, complaint was barred by the one-year statute of limitations contained in § 39-2-911(1), MCA.

Redfern asserts that he continued to earn compensation from Montana Muffler for five days after his discharge on October 24, 1992, by virtue of the five days of vacation pay included in his

3

final paycheck. Accordingly, he argues that the statute of limitations did not begin to run until either October 30 or 31, 1992, pursuant to Allison v. Jumping Horse Ranch, Inc. (1992), 255 Mont. 410, a43 P.2d 753. Redfern's reliance on <u>Allison</u> is misplaced.

The issue before us in <u>Allison,</u> as it is in the present case, was at what point the § 39-2-911(1), MCA, one-year limitation "after the date of discharge" begins to run. We focused first on the § 39-2-903(2), MCA, definition of "discharge" as "termination of employment." <u>Allison,</u> a43 P.2d at 755. We then defined "termination of employment" to mean "a complete severance of the relationship of employer and employee by positive act on the part of either or both." <u>Allison,</u> 843 P.2d at 755 (citations omitted). Finally, we determined that the WDEA statute of limitations, like other statutes of limitations, does not begin to run until the cause of action accrues; in the WDEA context, "damages do not occur until the employee is no longer earning compensation from the employer, . . . and this can only occur upon a complete severance of the employer-employee relationship." <u>Allison,</u> 843 P.2d at 756.

Applied to the undisputed facts in the present case, neither the plain language of § 39-2-911(1), MCA, nor our decision in <u>Allison,</u> supports Redfern's position. Under § 39-2-911(1), MCA, it is clear that Redfern's "date of discharge" was October 24, 1992. Analogizing to <u>Allison,</u> the "complete severance" of the employment relationship occurred at the end of Redfern's shift on that date; thereafter, Redfern was no longer "earning compensation" from

4

Montana Muffler.

Redfern's argument that the five days' vacation pay kept him on Montana Muffler's payroll for five days past the date on which he was discharged and, thus, that he was still "earning compensation" under <u>Allison</u> for that period of time, **is totally** without **merit.** The vacation pay was a fringe benefit of Redfern's employment with Montana Muffler which he had earned during the employment prior to the date of his discharge on October 24, 1992. As of that date, he no longer was employed by Montana Muffler and no longer was earning vacation pay or any other type of wage or fringe benefit.

We conclude that the District Court did not err in determining that the statute of limitations contained in § 39-2-911(1), MCA, bars Redfern's complaint. We hold, therefore, that the court did not err in granting Montana Muffler's motion for summary judgment and dismissing Redfern's complaint.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5