No. 95-486

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

ANITA NANINI,

      Plaintiff and Appellant,

    v.

NINTH JUDICIAL DISTRICT
YOUTH GUIDANCE HOME,

      Defendant and Respondent.

FILED

MAY 29 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Ninth Judicial District,
                In and for the County of Glacier,
                The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            John F. Lynch; Lynch & Chisholm, Great Falls,
            Montana

        For Respondent:

            Thane P. Johnson; Werner, Epstein & Johnson,
            Cut Bank, Montana

                    Submitted on Briefs:  March 14, 1996

                             Decided:  May 29, 1996

Filed:

                                     Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

Anita Nanini (Nanini) appeals from the judgment entered on the order of the Ninth Judicial District Court, Glacier County, granting the Ninth Judicial District Youth Guidance Home's (Guidance Home) motion for summary judgment. We reverse and remand.

The sole issue on appeal is whether the District Court erred in granting the Guidance Home's motion for summary judgment.

Nanini was employed as a houseparent by the Guidance Home, a nonprofit corporation, from July of 1990 until June of 1993. She was earning **$4.35** per hour **at** the **time** the Guidance Home terminated her employment.

On June 20, 1994, Nanini filed a complaint alleging that the Guidance Home wrongfully discharged her from employment on or about June 30, 1993. The Guidance Home answered Nanini's complaint and alleged, as an affirmative defense, that Nanini's last day of work was June 12, 1993, and, therefore, that her action was barred by the l-year statute of **limitations** contained in § 39-2-911(1), MCA.

A scheduling conference was held and a scheduling order

2

issued. Discovery ensued.

On April 6, 1995, the Guidance Home moved for summary judgment. The basis for the motion was that Nanini's last day of work was June 12, 1993, that her cause of action accrued on that day and, therefore, that the § 39-2-911(1), MCA, statute of limitations began to run on that day. Because Nanini's complaint was not filed until June 20, 1994, the Guidance Home contended that the action was barred by the statute of limitations as a matter of law. The parties fully briefed the motion.

On September 8, 1995, the District Court granted the Guidance Home's motion for summary judgment. The court determined that no genuine issues of material fact existed regarding the June 12, 1993, date of termination and, therefore, that the Guidance Home was entitled to judgment as a matter of law because Nanini's action was barred by the 1-year statute of limitations. Nanini appeals.

Did the District Court err in granting the Guidance Home's motion for summary judgment?

A motion for summary judgment will be granted by a district court

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 56(c), M.R.Civ.P. Our review of a district court's grant of summary judgment is de novo; we apply the same Rule 56(c) standards as used by the district court. Redfern v. Montana Muffler (1995), 271 Mont. 333, 335, 896 P.2d 455, 456 (citation omitted). The initial burden is on the moving party to establish that no genuine

3

issue of material fact exists; **only** when **that burden has been met** does the burden shift to the party opposing the motion to establish otherwise. Spain-Morrow Ranch, Inc. v. West (1994), 264 Mont. 441, 444, 872 P.2d 330, 332 (citations omitted).

Issues involving application of a statute of limitations to bar an action often can be resolved as a matter of law. Indeed, we resolved the statute of limitations issue as a matter of law in the context of a wrongful discharge action in Redfern. Redfern, 896 P.2d at 457. However, where facts necessary to a determination of the statute of limitations question are disputed, the question must be resolved by the trier of fact rather than as a matter of law. See Werre v. David (Mont. 1996), 913 P.2d 625, 630, 53 St.Rep. 187, 189.

Here, the Guidance Home's statute of limitations-based motion for summary judgment was premised on its position that Nanini had been discharged on June 12, 1993. The Guidance Home contends that Redfern controls and mandates the conclusion here that Nanini's action is barred by the 1-year statute of limitations contained in § 39-2-911(1), MCA. Nanini argues that, unlike Redfern, a genuine issue of material fact exists in this case which precludes summary judgment.

In Redfern, we observed that "[t]he facts necessary to our resolution of this appeal are undisputed." Redfern, 896 P.2d at 456. The undisputed facts were that the employer had terminated Redfern's employment effective at the end of his October 24, 1992, shift and paid him two days later for the previous two weeks' work

4

plus five days of earned vacation time; **we merely applied the law** to those undisputed facts and concluded that Redfern's "date of discharge" was October 24, 1992. Redfern, 896 P.2d at 456-57. We rejected Redfern's contention that the five days' vacation pay constituted "earned compensation" for that period after his last work shift and, therefore, extended his discharge date, on the basis that the vacation pay was a fringe benefit which had been earned prior to the date of his discharge. Redfern, 896 P.2d at 457.

It is clear that Redfern would be applicable here, if at all, only in the event no genuine issue of material fact exists as to Nanini's date of discharge and termination of employment. Thus, we begin by reviewing the record in that regard to determine whether the first summary judgment prong--absence of a genuine issue of material fact--is met.

The record reflects that the Guidance Home's Board of Directors (Board) met on June 9, 1993, and voted to terminate Nanini's employment. The Board ordered Kathy Black (Black), the director of the Guidance Home, to dismiss Nanini immediately and pay her two weeks' severance pay. Black carried out the Board's orders, and gave Nanini a check for the severance pay, on June 12, 1993. Nanini did not perform any work at the Guidance Home after June 12, 1993, and, indeed, applied for unemployment compensation stating that June 12 was her last day of employment.

On the basis of this record, the Guidance Home met its initial burden of establishing the absence of a genuine issue of material

5

fact regarding the date of Nanini's discharge. Thus, the burden shifted to Nanini to come forward and establish the existence of such a genuine issue of fact.

Nanini relies on a letter from Black, on official letterhead and signed by Black in her capacity as director of the Guidance Home, stating that Nanini "was an employee of the Ninth Judical [sic] District Youth Guidance Home from July 23, 1990 to June 30, 1993." In addition, Black's deposition testimony appears to indicate that Nanini was paid through the end of June, 1993; that is, that Nanini remained on the Guidance Home's payroll until the end of June and was compensated for not working during the final two weeks of that month. This evidence is sufficient to meet Nanini's burden of establishing a genuine issue of material fact regarding when her employment terminated.

We note the Guidance Home's assertion that, in her deposition, Black "agrees" with Nanini's reliance on her letter only "to the extent that the date of discharge was the 12th day of June, 1993." This assertion does not negate the contents of Black's letter, but merely highlights the existing dispute over facts relating to Nanini's date of discharge and termination of employment. Such factual disputes necessary to the determination of when Nanini's employment terminated and, thus, whether the statute of limitations has run, can be resolved only by the trier of fact. See Werre, 913 P.2d at 630. On this basis, we conclude that the District Court erred in determining that no genuine issue of material fact existed and that the Guidance Home was entitled to judgment as a matter of

6

law.

As a final note, we take this opportunity to caution counsel about the state of the record on appeal in this case. Both parties have cited this Court to portions of depositions and deposition exhibits which are not part of the record. The depositions were not attached in their entirety to either party's submissions to the District Court, no ex parte requests to file the depositions pursuant to Rule 5(d), M.R.Civ.P., are contained in the record and the depositions were not filed. Notwithstanding, both counsel seem to assume that the depositions and deposition exhibits are part of the record on appeal and, as a result, available for our review; that is not the case. Nor, of course, are counsel permitted to enlarge the scope of the record on appeal merely by attaching matters not of record as appendices to their appellate briefs.

Here, neither party objected to the other party's actions in this regard and this Court has not considered matters not part of the record on appeal in reaching its decision. For purposes of future cases, however, we caution counsel about the necessity of ensuring that the record on appeal contains all matters needed to support their clients' positions and about our consistency in striking, on request of an opposing party, appendices--and references thereto--which are not part of the record on appeal.

Reversed and remanded for further proceedings consistent with this opinion.

_____
Justice

7

we concur:

_____
            Chief Justice

_____

_____

_____
            Justices

May 29, 1996

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


John F. Lynch
Lynch & Chisholm
Box 2265
Great Falls MT 59403-2265

Thane P. Johnson
Werner, Epstein & Johnson
P.O. Box 428
Cut Bank MT 59427-0428

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy