No. 05-615

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 2

MARK CAMPANELLA,

        Plaintiff and Appellant,

    v.

MONTANA DEPARTMENT
OF TRANSPORTATION,

        Defendant and Respondent.

APPEAL FROM:    The District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause DV-04-217,
Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Jeremy S. Yellin, Attorney at Law, Havre, Montana

        For Respondent:

        Susan J. Rebeck, Department of Transportation, Helena, Montana

Submitted on Briefs: September 27, 2006

Decided: January 3, 2007

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Mark Campanella (Campanella) appeals from the order entered by the Twelfth Judicial District Court, Hill County, dismissing his wrongful discharge complaint on the ground it was barred by the applicable statute of limitations.  We affirm.

¶2     We address the following issue on appeal:

¶3     Did the District Court err in dismissing Campanella's complaint by determining that Campanella was not entitled to a statutory 120-day extension of the otherwise applicable one-year statute of limitations?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶4     On November 12, 2004, Campanella filed a complaint in District Court alleging that the Montana Department of Transportation (MDT), his former employer, wrongfully terminated his employment on July 16, 2003.  Prior to filing his suit, Campanella had filed a grievance regarding his discharge with the Board of Personnel Appeals (BOPA) pursuant to § 2-18-1001, MCA.  MDT moved to dismiss the complaint on three separate grounds: that Campanella's discharge was exempted from the Wrongful Discharge From Employment Act (WDEA), because, pursuant to § 39-2-912, MCA, the discharge was subject to a state statute providing a grievance procedure and remedy for contesting the dispute; that the cause of action was barred by the one-year statute of limitations provided by § 39-2-911(1), MCA; and that Campanella had failed to exhaust administrative remedies available to him, as required by § 39-2-911(2), MCA.

2

¶5 Following briefing and oral argument on the motion to dismiss, the District Court entered an order determining that it would be necessary to look outside the complaint to decide whether Campanella's action was exempted, pursuant to § 39-2-912, MCA, from the WDEA because of the existence of a separate statutory remedy, and that it could not do so at this stage of the proceeding. Alternatively, however, the court determined that Campanella's complaint was barred by the applicable statute of limitations because he was not entitled to the 120-day tolling provided by § 39-2-911(2), MCA, and his complaint was not filed within one year. Having concluded the complaint must be dismissed for that reason, the District Court did not rule on MDT's argument regarding failure to exhaust administrative remedies. Campanella appeals.

## STANDARD OF REVIEW

¶6 A complaint may be dismissed under M. R. Civ. P. 12(b)(6), only if, assuming the truth of all of the allegations of fact in the complaint, the complaint nevertheless fails to set forth a claim upon which relief can be granted. The determination that a complaint does not state a claim upon which relief can be granted is a conclusion of law, which we review to determine whether the district court's interpretation is correct. *Boreen v. Christensen,* 267 Mont. 405, 408, 884 P.2d 761, 762 (1994).

## DISCUSSION

¶7 *Did the District Court err in dismissing Campanella's complaint by determining that Campanella was not entitled to a statutory 120-day extension of the otherwise applicable one-year statute of limitations?*

3

¶8 The District Court, in analyzing whether Campanella's discharge was exempted altogether from the WDEA pursuant to § 39-2-912, MCA,[1] looked to this Court's decision in *Tonack v. Montana Bank of Billings*, 258 Mont. 247, 854 P.2d 326 (1993). In *Tonack*, the defendant bank argued that § 39-2-912, MCA, prohibited Tonack from recovering under both the Wrongful Discharge Act and the federal Age Discrimination in Employment Act. In evaluating that contention, this Court stated:

> Whether a discharge will ultimately be "subject to any other state or federal statute that provides a procedure or remedy for contesting the dispute" is not immediately known when a claim is filed. This must be determined before it is known whether the Wrongful Discharge Act may be applied. It is established only when a finder of fact has made that determination or when judgment on the claim has otherwise been entered. Therefore, we conclude that claims may be filed concurrently under the Wrongful Discharge Act and other state or federal statutes described in § 39-2-912, MCA, but if an affirmative determination of the claim is obtained under such other statutes, the Wrongful Discharge Act may no longer be applied.

*Tonack*, 258 Mont. at 255, 854 P.2d at 331. Applying this case, the District Court rejected MDT's argument that § 2-18-1001, MCA, provided a grievance procedure for MDT employees that exempted application of the WDEA, reasoning that this issue could not yet be determined. Relying on *Tonack*, the District Court concluded that determining whether this grievance procedure qualified as "any other state or federal statute" for Campanella to contest his discharge for purposes of the exemption set forth in § 39-2-912(1), MCA, first required an affirmative determination that this grievance mechanism

---

[1]Section 39-2-912(1), MCA, states, in part: "Exemptions. This part [the WDEA] does not apply to a discharge . . . that is subject to any other state or federal statute that provides a procedure or remedy for contesting the dispute."

4

provided a procedure or remedy for contesting Campanella's discharge, and since the court could not look beyond the complaint, such a finding could not yet be made. We agree with the District Court's reasoning in this regard, and take no position on this issue, despite our further discussion of the BOPA grievance procedure hereinafter.

¶9 The District Court then took up MDT's next defense—that Campanella had filed his action beyond the one-year limitation period in § 39-2-911, MCA. It was undisputed that his WDEA action was not filed within one year after his July 16, 2003, discharge. Therefore, unless Campanella was entitled to the maximum 120-day extension provided in the statute for a claimant who had first contested his discharge by pursuing the "written internal procedures" of the employer, his action would be time barred.[2] For this defense, it was Campanella's turn to rely on the BOPA grievance procedure provided to MDT employees under § 2-18-1001, MCA. He argued to the District Court, and does so here, that this procedure constituted his employer's "written internal procedures" for purposes of § 39-2-911(2), MCA, and, therefore, his pursuit of this relief gave him the 120-day extension of the one-year statute of limitations. The District Court, in denying Campanella the 120-day extension, noted that the BOPA grievance procedure was a statutory creation, and concluded that because "the grievance procedure for Department of Transportation employees [was] specified by statute," it could not qualify as a "written internal procedure" of the employer for purposes of § 39-2-911(2), MCA. It thus dismissed Campanella's complaint as time barred.

[2]Campanella's complaint was filed one year and 119 days following his discharge.

5

¶10     Section 39-2-911(1), MCA, requires that an action under the WDEA "must be filed within 1 year after the date of discharge."  Section 39-2-911(2), MCA, adds the tolling provision, providing that the one-year limitation period can be tolled for up to 120 days:

> *If an employer maintains written internal procedures, other than those specified in 39-2-912,* under which an employee may appeal a discharge within the organizational structure of the employer, the employee shall first exhaust those procedures prior to filing an action under this part. . . . The limitation period in subsection (1) is tolled until the procedures are exhausted.  In no case may the provisions of the employer's internal procedures extend the limitation period in subsection (1) more than 120 days.  [Emphasis added.]

Therefore, in order to conclude that Campanella's pursuit of a BOPA grievance under § 2-18-1001, MCA, entitles him to a 120-day extension, it must first be determined that the BOPA procedure is a "written internal procedure" for purposes of § 39-2-911(2), MCA.  Campanella contends that it is an internal procedure for MDT employees, who are designated by statute to follow it.  MDT counters that the procedure is not internal to the organizational structure of MDT, but rather a statutory procedure outside the Department.

¶11     The interpretational difficulty here is created by the Legislature's enactment of two statutes addressing administrative remedies in the employment context, but without coordination thereof.  This particular problem arises only in a case involving a MDT employee, who may want to seek relief under the WDEA, but who is also subject to § 2-18-1001, MCA, which the Legislature has uniquely applied to MDT employees.  That provision provides, in pertinent part, as follows:

6

**Transportation department personnel grievances -- hearing.** (1) An employee of the department of transportation aggrieved by a serious matter of his employment based upon work conditions, supervision, or the result of an administrative action and *who has exhausted all other administrative remedies* is entitled to a hearing before the board of personnel appeals, under the provisions of a grievance procedure to be prescribed by the board, for resolution of the grievance. [Emphasis added.]

¶12 Section 2-18-1001, MCA, provides MDT employees with the BOPA grievance procedure for addressing a "serious matter of his employment." There would seem little disagreement that a discharge is a serious matter of employment, and thus applicable to Campanella's claim. The issue, however, is whether this procedure is the employer's "written internal procedure" for purposes of § 39-2-911(2), MCA, of the WDEA.

¶13 We disagree with the assertion that merely because this is a statutorily enacted procedure, it cannot be considered the employer's internal procedure. The MDT is a part of state government, and the Legislature has statutorily created a procedure for MDT employees to follow. Even though enacted by statute, such a procedure could be "internal" to those employees if so designed and intended to be by the statute. Thus, we must look further into the workings of this particular dispute resolution procedure to resolve the issue.

¶14 A reading of § 2-18-1001, MCA, reveals the language, italicized in the above quotation, which we deem to be significant. The statute expressly provides that an MDT employee must first "exhaust[] all other administrative remedies [before being] entitled to a hearing before [BOPA] . . . ." Thus, the statute acknowledges that there may be yet

other administrative remedies which an MDT employee must pursue before the employee may turn to the BOPA grievance procedure.

¶15 In interpreting a statute, we consider "the statute's text, language, structure, and object." *S.L.H. v. State Compensation Mut. Ins. Fund*, 2000 MT 362, ¶ 16, 303 Mont. 364, ¶ 16, 15 P.3d 948, ¶ 16. Although the Legislature did not coordinate the grievance provisions of § 2-18-1001, MCA, with the provisions of the WDEA in §§ 39-2-911 or 39-2-912, MCA, the two statutes bear a similarity in their construction. The WDEA requires a discharged employee to exhaust the employer's internal written procedures prior to initiating litigation. Section 39-2-912(2), MCA. Likewise, § 2-18-1001, MCA, requires the discharged MDT employee to exhaust other administrative remedies prior to commencing a BOPA grievance proceeding.

¶16 This correlation leads us to conclude that the BOPA grievance procedure cannot be considered a "written internal procedure" for purposes of § 39-2-911(2), MCA. Clearly, § 2-18-2001, MCA, contemplates other administrative remedies for the MDT employee which must be exhausted prior to the initiation of a BOPA proceeding. It is apparent that the Legislature intended these other remedies to be the mandatory "internal procedures" for those employees.

¶17 Consequently, we conclude that the District Court correctly held that Campanella missed the filing deadline for his WDEA action, because the one-year statute of limitations found in § 39-2-911(1), MCA, expired before Campanella filed his complaint, and the 120-day extension provided for in § 39-2-911(2), MCA, was not applicable, as

8

the BOPA procedure provided for in § 2-18-1001, MCA, was not the employer's written internal procedure.

¶18 Affirmed.

/S/ JIM RICE

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS

Chief Justice Karla M. Gray, specially concurring.

¶19 I concur in the result the Court reaches here. However, I would limit the discussion to the issue raised and argued by the parties.

¶20 The overarching issue is whether Campanella is entitled to toll the one-year statute of limitations set forth in § 39-2-911(1), MCA, of the WDEA pursuant to the tolling provision contained in § 39-2-911(2), MCA. The tolling provision is available when a discharged employee must exhaust an employer's "written internal procedures" for appealing the discharge. I agree with the Court that Campanella is not entitled to the tolling provision.

¶21 The subissue, however, is whether § 2-18-1001, MCA—a statutory personnel grievance procedure enacted by the Legislature for MDT employees—is a "written internal procedure" for purposes of the tolling provision in § 39-2-911(2), MCA. Campanella insists that it is. The Court concludes it is not, and I agree. However, I would reach that result by concluding—

9

simply and cleanly—that the statutory process involving the BOPA, a separate entity not within the MDT, is not, by its terms, a written procedure internal to MDT, the employer.

¶22 Thus, I join in the result the Court reaches, which is to affirm the District Court, but not in the entirety of its discussion.


/S/ KARLA M. GRAY

10