DA 09-0243

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 403

MICHELLE KULSTAD,

      Plaintiff and Appellee,

    v.

BARBARA L. MANIACI,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DR-2007-034
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Linda Osorio St. Peter, St. Peter Law Offices, P.C., Missoula, Montana

          Austin R. Nimocks, Alliance Defense Fund, Scottsdale, Arizona

      For Appellee:

          Elizabeth L. Griffing, ACLU of Montana Foundation, Missoula, Montana

          Susan G. Ridgeway, Susan G. Ridgeway, PLLC, Missoula, Montana

          Kevin H. Lewis, Sparer Law Group, San Francisco, California

          Submitted on Briefs:  November 4, 2009

          Decided:  November 24, 2009

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Barbara Maniaci (Maniaci) and Michelle Kulstad (Kulstad) were committed domestic partners from 1996 until January 2007 when Kulstad petitioned to dissolve the parties' relationship, and to receive a parenting interest in the two children the couple had adopted. The Fourth Judicial District Court awarded Kulstad a parental interest in the children over Maniaci's objections. Maniaci appealed this ruling and we affirmed. *Kulstad v. Maniaci*, 2009 MT 326, 352 Mont. 513, ___ P.3d ___ (*Kulstad I*). While *Kulstad I* was on appeal, the District Court, in response to a motion by the guardian ad litem (GAL), entered a Temporary Protective Order (TPO) regarding certain treatment records of the children. Maniaci petitioned this Court for a writ of supervisory control, seeking to reverse the TPO. We granted the petition in part and remanded the matter to the District Court, ordering that Maniaci be allowed to respond to the GAL's request for a TPO. Upon remand, Maniaci moved for substitution of Judge Ed McLean who had presided over the case since its origin in 2007. Judge McLean denied Maniaci's motion. Maniaci appeals this denial. We affirm.

## ISSUE

¶2 The dispositive issue on appeal is whether the District Court erred in denying Maniaci's Motion for Substitution of Judge.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 In *Kulstad I,* we set forth the relevant factual background of this case. For purposes of this Opinion, we present the few additional necessary facts. In January 2009, while the main appeal in *Kulstad I* was pending (Notice of Appeal was filed October 2,

2

2008), the children's GAL filed a report with the District Court, requesting a protective order. The GAL asked that the therapy notes and work product relating to the children's therapy be protected and that these documents not be provided to the parties. The GAL believed that such protection would provide the children with "a safe place in which to express and explore issues." On January 30, the District Court granted the motion and entered a TPO. Maniaci had not yet responded to the GAL's motion at the time the court granted it.

¶4 On March 5, 2009, Maniaci petitioned this Court for a writ of supervisory control. She claimed that (1) the District Court lacked jurisdiction to enter the TPO after the appeal had been filed; (2) the court violated her rights to due process by ordering the sequestration of the children's medical records; and (3) the TPO itself violated her fundamental rights as a parent. She asked that we retroactively vacate the TPO and instruct the District Court to refrain from entering any further orders while the appeal was pending. On April 15, 2009, we issued an order granting Maniaci's petition in part and remanding the matter to the District Court with instructions that Maniaci be given the opportunity to respond to the GAL's motion for a protective order before the court further ruled on the request.

¶5 Immediately upon remand, on April 20, Maniaci moved for substitution of the judge in the case. Judge Ed McLean had presided over the case since Kulstad moved to dissolve the relationship in January 2007. On April 27, the District Court denied Maniaci's motion. On April 29, Maniaci appealed the District Court's denial.

**STANDARD OF REVIEW**

3

¶6      A district court's interpretation and application of a statute is a conclusion of law. We review a district court's conclusions of law for correctness. *Williams v. Schwager*, 2002 MT 107, ¶ 36, 309 Mont. 455, 47 P.3d 839.

## DISCUSSION

¶7      *Did the District Court err by denying Maniaci's Motion for Substitution of Judge?*

¶8      Whether a party is entitled to substitution of a judge is determined by statute. Section 3-1-804(1)(g), MCA (2007), provides:

> When a **new trial** is ordered by the district court, each adverse party shall thereupon be entitled to one motion for substitution of judge in the manner provided herein. When **on appeal** the judgment or order appealed from is reversed or modified and the cause is remanded to the district court for a new trial, or when a summary judgment or judgment of dismissal is reversed and the cause remanded, each adverse party shall thereupon be entitled to one motion for substitution of judge in the manner provided herein. Such motion must be filed, with the required filing fee in civil cases, within twenty (20) days after a new trial has been ordered by the district court or after the remittitur from the Supreme Court has been filed with the district court. No other right of further substitution shall arise in cases remanded by the supreme court. In criminal cases, no further right of substitution shall arise when the cause is remanded for resentencing. (Emphasis added.)

¶9      As determined by Judge McLean, this statute does not provide authorization for substitution of a judge in this case. Upon issuing our ruling on Maniaci's writ for supervisory control, we remanded the case to the District Court with the limited instruction that the court allow Maniaci to respond to the GAL's motion for a protective order before the District Court ruled on the motion. We did not remand the case for a "new trial" nor was Maniaci's petition for a writ an "appeal" of a judgment or order that was reversed or modified. Moreover, it was not a summary judgment or judgment of

4

dismissal that was reversed and remanded. As for the timing for filing a motion for substitution of judge, again there was no new trial scheduled to trigger the 20-day filing requirement nor was there a remittitur issued by this Court at the conclusion of an appeal.

¶10 It is well-established that when the language of a statute is clear and unambiguous, the statute speaks for itself. We will not "insert what has been omitted . . . or omit what has been inserted" nor will we resort to other means of interpretation. *Hilands Golf Club v. Ashmore,* 2002 MT 8, ¶ 20, 308 Mont. 111, 39 P.3d 697; § 1-2-101, MCA. Section 3-1-804(1)(g), MCA (2007), simply does not apply here and the District Court did not err in so concluding.

## CONCLUSION

¶11 For the foregoing reasons, we affirm the District Court's denial of Maniaci's Motion for Substitution of Judge.

/S/ PATRICIA O. COTTER

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE