DA 09-0630

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 147

SHANE BUCHER,

       Plaintiff and Appellant,

  v.

PATRICK HAROLD HUGHES,

       Defendant and Appellee.

APPEAL FROM:     District Court of the Ninth Judicial District,
                     In and For the County of Toole, Cause No. DC 01-028
                     Honorable Laurie McKinnon, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Lawrence A. Anderson, Attorney at Law, Great Falls, Montana

       For Appellee:

              Colin M. Stephens, Smith & Stephens, Missoula, Montana

                          Submitted on Briefs:  June 9, 2010

                                    Decided:  July 13, 2010

Filed:

              _____
                            Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Shane Bucher (Bucher) appeals the Judgment of the Ninth Judicial District Court, Toole County. We affirm.

¶2 We review the following issue on appeal:

¶3 *Did the District Court improperly deny interest to Bucher on Hughes's restitution obligation imposed as part of a criminal judgment?*

FACTUAL AND PROCEDURAL BACKGROUND

¶4 Patrick Harold Hughes (Hughes) recklessly drove a motorcycle down Main Street of Shelby, Montana, in June of 2001. Hughes struck Bucher, a pedestrian, who was walking across the street. Bucher suffered major injuries from the collision, including severing his left leg at the knee.

¶5 The State of Montana (State) charged Hughes with negligent vehicular assault, driving under the influence of alcohol, and driving without a motorcycle license. Hughes eventually entered a guilty plea to the charge of negligent vehicular assault in 2003. The District Court committed Hughes to the Montana Department of Corrections (DOC) for a term of six years, with all time suspended. The court further ordered Hughes to pay Bucher restitution in the amount of $2,718 for Bucher's medical expenses, and $34,415.70 for his lost wages. Hughes's restitution obligation totaled $37,133.70.

¶6 The District Court's criminal judgment did not require Hughes to pay any set monthly payments towards Bucher's restitution. The judgment only required that Hughes had to pay the full amount of restitution at least ninety days before his release from

2

probation. Hughes abided by the terms of his suspended sentence and sent Bucher regular payments for six years—typically $100 per month—for the restitution owed.

¶7 The State moved to revoke Hughes's suspended sentence toward the end of his DOC commitment in 2009, however, based upon Hughes's failure to pay the restitution amount in full. The court held a hearing on June 29, 2009. Hughes's parole officer testified that Hughes had made reasonable efforts to make restitution payments. The parole officer testified that $100 per month represented the most that Hughes reasonably could pay toward restitution in light of his financial situation and other obligations that included child support. The District Court determined that Hughes had made a good-faith effort to pay the restitution owed to Bucher. The court denied the State's motion to revoke Hughes's sentence.

¶8 The District Court elected instead to convert the restitution amount to a civil judgment against Hughes. Bucher proposed a civil judgment in the amount of $37,133.70—identical to the original amount of restitution imposed by the court six years earlier as part of the criminal judgment. Bucher argued that the language of § 46-18-249, MCA, required the District Court to enter the "total amount" of the restitution in the civil judgment. Bucher argued further that he was entitled to over $20,000 in interest that had been accruing since the court first had imposed restitution in Hughes's criminal judgment. Hughes argued that he deserved credit for the $7,170 that he already had paid to Bucher. The court entered a civil judgment against Hughes in the amount of $29,463.70—the amount of unpaid restitution—pursuant to § 46-18-249, MCA. Bucher appeals.

3

STANDARD OF REVIEW

¶9     We review for correctness a district court's interpretation and application of statutes. *Kulstad v. Maniaci*, 2009 MT 403, ¶ 6, 353 Mont. 467, 221 P.3d 127.

DISCUSSION

¶10    *Did the District Court improperly deny interest to Bucher on Hughes's restitution obligation imposed as part of a criminal judgment?*

¶11    Bucher argues that the District Court's civil judgment deprives him of "substantial interest which should have begun to accrue on the date of sentencing in June 2003." Bucher contends that § 46-18-249, MCA, "requires" the District Court to include the total *original* amount of the restitution order in the civil judgment—so that Bucher can be awarded interest on the full amount of restitution—even if Hughes already has made substantial payments toward his restitution obligation.

¶12    Section 46-18-249, MCA, provides that the total amount "*that a court orders* to be paid to a victim may be treated as a civil judgment against the offender." (Emphasis added.) Section 46-18-249(1), MCA, requires only that the amount that a district court chooses to order to be paid to a victim may be converted to a civil judgment. Nothing in the statute requires a court to impose the total original amount imposed in a restitution order after a defendant already has made payments for several years. Such a requirement would distort the statute's purpose.

¶13    Section 46-18-249(3), MCA, contains an offset provision. The statute requires that any restitution paid by the offender to the victim under a restitution order contained in a

4

criminal sentence "must be set off against any pecuniary loss awarded to the victim in a separate civil action." To require the District Court to impose a civil judgment in the original amount of $37,133.70 would force Hughes to pay double what he had paid already to Bucher over a period of six years.

¶14 As noted by the District Court, Bucher had the right to seek a civil judgment against Hughes at any time. A civil judgment would have provided for accrued interest under the provisions of §§ 27-1-210, -211, MCA. Bucher did not choose to pursue a civil judgment against Hughes. Bucher instead accepted restitution payments as part of the criminal judgment for six years.

¶15 More importantly, nothing in the sentencing and judgment provisions of Title 46, Chapter 18, requires a district court to impose interest on a restitution order contained in a criminal sentence. This Court upheld a district court's imposition of a 10% interest rate on a restitution obligation in *State v. Brewer*, 1999 MT 269, ¶ 32, 296 Mont. 453, 989 P.2d 407. The district court in *Brewer chose* to impose the interest on the restitution order at the time of sentencing. *Brewer*, ¶ 5. The District Court here imposed no interest requirement on Hughes's restitution obligation in the criminal judgment.

¶16 Nothing in § 46-18-249, MCA, requires the District Court to impose interest. The choice to impose interest rests with the discretion of the District Court. *Brewer*, ¶ 32. Further, nothing prevented Bucher immediately from seeking to convert the restitution requirement to a civil judgment against Hughes that properly would have protected Bucher's

monetary concern over interest. The District Court correctly interpreted its obligations and exercised its discretion under the statutes.

¶17    Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE