# FILED

08/10/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0579

DA 20-0579

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 200

ALLAN G. HOLMS, a Montana Corporation
d/b/a HOLMS & ASSOCIATES,

        Plaintiff and Appellee,

    v.

MARK A. BRETZ,

        Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Second Judicial District,<br>In and For the County of Butte-Silver Bow, Cause No. DV-20-08<br>Honorable Kurt Krueger, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

        David B. Cotner, Brian T. Geer, Cotner Law, PLLC, Missoula, Montana

      For Appellee:

        David L. Vicevich, Lawrence E. Henke, Vicevich Law, Butte, Montana

                Submitted on Briefs: June 16, 2021

                         Decided: August 10, 2021

Filed:

_____
              Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    Mark Bretz appeals a Second Judicial District Court order denying his motion to change venue.  Bretz argues that the District Court lacked authority to rule on the motion because the Judge had improperly assumed jurisdiction following an untimely Motion for Substitution. Bretz argues in the alternative that, if the venue motion properly was considered, the District Court's denial was in error.  We conclude that the Motion for Substitution of Judge was untimely and therefore do not address the merits of Bretz's motion to change venue.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2    On June 2, 2016, Bretz entered into a confidentiality agreement with Allan G. Holms, a Montana Corporation d/b/a Holms & Associates ("Holms") regarding the possible sale of a business or business opportunity between Bretz and a third party that Holms hoped to facilitate.  Bretz resides in Missoula, Montana, where he owns and operates his business, Bretz RV, Inc.   Holms's principal place of business is in Butte, Silver Bow County.  On January 6, 2020, Holms filed suit in Silver Bow County alleging Bretz breached the confidentiality agreement.

¶3    The case initially was assigned to the District Court's Department 2, before the Hon. Robert Whelan.  Holms served the complaint upon Bretz on January 14.  On February 4, Bretz filed a Motion to Change Venue, followed three days later by his answer to the complaint.  On February 28, Holms filed a Motion for Substitution of Judge. Judge Whelan issued an Order on April 9 inviting assumption of jurisdiction, and the matter

2

was transferred to Department 1, before the Hon. Kurt Krueger. Bretz thereafter filed a motion to have the matter returned to Judge Whelan. Judge Krueger issued an order denying Bretz's Motion to Change Venue and did not rule on Bretz's motion to return the matter to Judge Whelan. Bretz appeals the District Court's denial of his Motion to Change Venue and argues that Holms's untimely filing of the Motion for Substitution deprived Judge Krueger of authority to hear the matter, and the denial of the Motion to Change Venue is void.

## STANDARD OF REVIEW

¶4 "A district court's determination whether to substitute a judge is a question of law that we review for correctness." *City of Missoula v. Mt. Water Co.*, 2021 MT 122, ¶ 8, 404 Mont. 186, 487 P.3d 15 (quoting *Labair v. Carey*, 2017 MT 286, ¶ 11, 389 Mont. 366, 405 P.3d 1284) (internal quotation marks omitted).

## DISCUSSION

¶5 Under § 3-1-804, MCA (the Substitution Rule), "[e]ach adverse party is entitled to one substitution of a district judge." At issue here is subsection (1)(a), which reads in relevant part:

> In a civil action . . ., a motion for substitution by the party filing the action must be filed within 30 calendar days after the first summons is served or an adverse party has appeared. A motion for substitution by the party served must be filed within 30 calendar days after service has been completed in compliance with M. R. Civ. P. 4.

Section 3-1-804(1)(a), MCA.

3

¶6     Bretz argues this subsection should be read to require a plaintiff to file a motion for substitution thirty days after the first summons is served or, if the opposing party appears voluntarily before a summons is served, thirty days after that appearance.  In other words, Bretz reads the Substitution Rule to require the plaintiff to file its motion for substitution "within 30 calendar days after the first summons is served or an adverse party has appeared," whichever is first.  He points to the Montana Rules of Civil Procedure governing when a court gains jurisdiction over a party, either: "(A) through service of process as herein provided; or (B) by the voluntary appearance in an action by any person either personally or through an attorney, authorized officer, agent, or employee."  M. R. Civ. P. 4(a)(2).  Bretz argues this Rule, which § 3-1-804(1)(a), MCA, references, supports an interpretation that the event triggering the thirty-day countdown is when a court first gains jurisdiction over the opposing party.

¶7     Holms responds that the Substitution Rule properly should be read to grant a plaintiff either of two distinct and alternative time frames to file a motion for substitution—within thirty days after an opposing party is first served with a summons and complaint, or within thirty days after an opposing party appears.  Based on this interpretation, Holms argues he timely filed his Motion for Substitution within thirty calendar days of the Motion to Change Venue, Bretz's first appearance in the matter.

¶8     When interpreting a statute, this Court's role "is to implement the objectives the legislature sought to achieve."  *Bullock v. Fox*, 2019 MT 50, ¶ 52, 395 Mont. 35, 435 P.3d 1187 (quoting *Mont. Vending, Inc. v. Coca-Cola Bottling Co.*, 2003 MT 282,

4

¶ 21, 318 Mont. 1, 78 P.3d 499). Section 3-1-804(1)(a), MCA, is a codified Rule adopted by the Montana Supreme Court. *See Patrick v. State*, 2011 MT 169, ¶ 23 n.5, 361 Mont. 204, 257 P.3d 365 (citing *In re Rules of the Supreme Court*, 34 State Rep. 26, 27 (1976)). But we employ the same tools of statutory interpretation. *See generally Mountain Water Co.*, ¶ 10; *In re Estate of Greene*, 2013 MT 174, ¶ 12, 370 Mont. 490, 305 P.3d 52; *Kulstad v. Maniaci*, 2009 MT 403, ¶ 10, 353 Mont. 467, 221 P.3d 127.

¶9 We "interpret a statute first by looking to its plain language" and will not interpret it further "if the language is clear and unambiguous." *Mont. Sports Shooting Ass'n v. State*, 2008 MT 190, ¶ 11, 344 Mont. 1, 185 P.3d 1003 (citing *State v. Letasky*, 2007 MT 51, ¶ 11, 336 Mont. 178, 152 P.3d 1288). *See* § 1-2-101, MCA ("the office of the judge is simply to ascertain and declare what is in terms or in substance contained" in the statute). And we "endeavor to avoid a statutory construction that renders any section of the statute superfluous or fails to give effect to all of the words used." *Mont. Trout Unlimited v. Mont. Dep't of Nat. Res. & Conservation*, 2006 MT 72, ¶ 23, 331 Mont. 483, 133 P.3d 224 (citing *Mattson v. Mont. Power Co.*, 2002 MT 113, ¶ 10, 309 Mont. 506, 48 P.3d 34).

¶10 Both parties focus a substantial portion of their briefing on the disjunctive "or" in the clause, "a motion for substitution by the party filing the action must be filed within 30 calendar days after the first summons is served *or* an adverse party has appeared." Section 3-1-804(1)(a), MCA (emphasis added). The parties agree that the "or" is disjunctive and provides two possible deadlines by which a plaintiff must file a motion to

substitute. The core of the parties' disagreement is whether a plaintiff may elect between those two deadlines.

¶11 Section 3-1-804(1)(a), MCA, contains no permissive language relative to either party. Both parties assume—correctly—that each has discretion to choose whether to file a motion for substitution. That discretion comes from the Substitution Rule's provision that "[e]ach adverse party is *entitled* to one substitution of a district judge." Section 3-1-804(1), MCA (emphasis added); *see Entitle, Black's Law Dictionary* (11th ed. 2019) ("To grant a legal right to or qualify for."). Section 3-1-804(1)(a), MCA, presupposes that a plaintiff has elected to exercise its right to substitute a judge; it controls when the plaintiff *must* exercise that right—either within thirty days after service or within thirty days after an adverse party appears. The "or" in the subsection therefore does not implicate the plaintiff's discretion; it instead implicates the two conditions that trigger the deadline for the plaintiff to file the motion to substitute.

¶12 Holms's argument that § 3-1-804(1)(a), MCA, "provides two deadlines by which . . . [the plaintiff] . . . may file a Motion to Substitute Judge" suggests a flexible standard that the language of the Substitution Rule does not support. A party is entitled to only one substitution, which if timely filed is granted as a matter of course with no briefing or argument necessary. Once a summons is served on the defendant, the rules require her appearance to follow twenty-one days later. Reading the "must" in subsection (1)(a) in its proper mandatory manner, requiring that a plaintiff *must* file within thirty days of service or *must* file within thirty days of the defendant's appearance places the plaintiff in the

6

position of having two competing mandatory deadlines for filing its sole motion to substitute. Such an interpretation is confusing and unreasonable. *See* § 1-3-222, MCA ("The law never requires impossibilities."). Should a plaintiff refrain from immediately effectuating service for whatever reason and a defendant appears on his own accord, it defeats the Substitution Rule's strict deadlines to allow the plaintiff to delay serving the summons and thereby control the time for seeking substitution. Reading the statute as Bretz interprets it implements the objectives of the Substitution Rule and gives effect to all its provisions. Since the thirty-day deadline begins only once, after whichever event occurs first, the triggering event directs the plaintiff to file and prevents the alternative thirty-day deadline from taking effect.

¶13 We agree with Bretz that the thirty-day deadline for a plaintiff to file its motion to substitute is triggered only once, upon service of the summons or when an adverse party appears, whichever first occurs. This is consistent with our observation that the Substitution Rule sets "definitive moment[s]" triggering the deadline to file a motion for substitution. *See Collins v. Mont. Eighth Judicial Dist. Court*, 2018 MT 125, ¶ 6 n.1, 391 Mont. 378, 418 P.3d 672. Because Bretz did not appear in the action before the summons was served, and Holms filed his Motion for Substitution of Judge more than thirty days after that service, the motion was untimely and void. Section 3-1-804(4), MCA ("Any motion for substitution that is not timely filed is void."); *see also In re Estate of Greene*, ¶¶ 7, 14 (holding that the district court properly rejected a premature substitution motion because "[a] motion for substitution that is not timely is void"). Accordingly, all

7

orders and rulings made after the substitution occurred, including the denial of Bretz's motion to change venue, are vacated, as Judge Krueger did not have jurisdiction to enter them. *See Mountain Water Co.*, ¶ 12. We therefore do not consider the denial on appeal.

**CONCLUSION**

¶14 We conclude that a plaintiff must file a motion to substitute a presiding district judge within thirty days of service of the summons or of an adverse party's appearance—whichever first occurs. Holms filed his Motion for Substitution of Judge more than thirty days after he served Bretz. The motion therefore was void at its inception, and Judge Whelan improperly transferred the case to Judge Krueger. Because Judge Krueger never had jurisdiction to hear the matter, any orders he issued are vacated. The April 9, 2020 Order Inviting Assumption of Jurisdiction is reversed, and the case is remanded for further proceedings consistent with this Opinion.

/S/ BETH BAKER

We Concur:

/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

8