FILED

10/05/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0560

DA 20-0560

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 258N

TERRY SULLIVAN,

      Petitioner and Appellant,

   v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
                  In and For the County of Missoula, Cause No. DV-20-1304
                  Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Terry Sullivan, Self-Represented, Missoula, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Tammy K Plubell, Appellate
          Services Bureau Chief, Bree Gee, Assistant Attorney General, Helena,
          Montana

          Jim Nugent, Missoula City Attorney, Angie Robertson-Bakken, Senior
          Deputy City Attorney, Missoula, Montana

                Submitted on Briefs:  August 11, 2021

                           Decided:  October 5, 2021

Filed:

                         _____
                                 Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Terry Sullivan appeals a Fourth Judicial District Court order denying his motion for substitution of judge on Sullivan's petition for postconviction relief from his misdemeanor conviction in Missoula Municipal Court. We reverse.

¶3      Sullivan was convicted of disorderly conduct in the Missoula Municipal Court. He filed two unsuccessful appeals in the Fourth Judicial District Court. *See City of Missoula v. Sullivan*, No. DA 18-0451, Order (Mont. Apr. 23, 2019). Judge Larson presided over both appeals. In October 2020, after exhausting all appeals, Sullivan filed a petition for postconviction relief (PCR) in the Fourth Judicial District Court, pursuant to § 46-2-101(2), MCA. The PCR case was assigned to Judge Larson, and Sullivan immediately moved to substitute him under § 3-1-804, MCA. Judge Larson denied Sullivan's motion in an October 27, 2020 order, stating:

> This case arises under Section 46-21-101(2), MCA. A post-conviction relief proceeding is a separate civil action subject to special provisions of Section 46-21-101, MCA. Accordingly, no right exists under Section 3-1-804, MCA, to substitute a district judge in such a proceeding.

(Citations omitted.)

2

¶4 "A district court's determination whether to substitute a judge is a question of law that we review for correctness." *City of Missoula v. Mountain Water Co.*, 2021 MT 122, ¶ 8, 404 Mont. 186, 487 P.3d 15 (citation and quotation omitted).

¶5 Sullivan argues that he is entitled to substitute Judge Larson because he filed his PCR petition pursuant to § 46-21-101(2), MCA. He contends that subsection two of the statute, unlike subsection one, does not limit the statutory right to substitute a judge. The State responds that, under this Court's precedent, there is no statutory right to substitute a judge in a PCR proceeding, especially when the judge presided over appeals in the underlying criminal case, and thus the District Court's denial of Sullivan's motion was correct.

¶6 Our role when interpreting a statute "is to implement the objectives the legislature sought to achieve." *Holms v. Bretz*, 2021 MT 200, ¶ 8, 405 Mont. 186, 492 P.3d 1210 (quoting *Bullock v. Fox*, 2019 MT 50, ¶ 52, 395 Mont. 35, 435 P.3d 1187). If the "plain language" of a statute "is clear and unambiguous," our interpretation ends there. *Holms*, ¶ 9 (quoting *Mont. Sports Shooting Ass'n v. State*, 2008 MT 190, ¶ 11, 344 Mont. 1, 185 P.3d 1003). *See also* § 1-2-101, MCA ("the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted"). Although § 3-1-804, MCA, is a codified rule adopted by the Montana Supreme Court, "we employ the same tools of statutory interpretation." *Holms*, ¶ 8 (citations omitted).

¶7     Section 3-1-804, MCA (the Substitution Rule), governs the substitution of district court judges. Under the Substitution Rule, "[e]ach adverse party is entitled to one substitution of a district judge," provided that the motion for substitution is timely filed. In PCR proceedings brought under § 46-21-101(1), MCA, however, the right to substitute a district court judge is superseded by the language of the statute, which requires a petition seeking PCR from a district court conviction to be filed in "the court that imposed the sentence." *Patrick v. State*, 2011 MT 169, ¶ 16, 361 Mont. 204, 257 P.3d 365 (quoting § 46-21-101(1), MCA). When a convicted person files a postconviction proceeding under § 46-21-101(1), MCA, the person has no statutory right to substitute a judge, and the Substitution Rule does not apply. *Patrick*, ¶ 16.

¶8     Section 46-21-101(2), MCA, which governs PCR from a sentence "imposed by a justice's, municipal, or city court," does not contain a similar provision; it instead requires only that the petition "be filed with the district court in the county where the lower court is located." The statute does not specify that a particular judge must preside over the PCR proceeding filed in a multi-judge judicial district. There is no requirement that the petition be filed with the district judge who heard the defendant's appeal from the lower court.

¶9     We agree with Sullivan that the language of § 46-21-101(2), MCA, is clear and unambiguous. Although § 46-21-101(1), MCA, provides that a PCR petition from a district court must be filed with the district court judge that oversaw the conviction, § 46-21-101(2), MCA, does not contain a similar requirement. Subsection two, unlike its

4

counterpart subsection one, contains no language that would limit the substitution of a judge in a PCR proceeding. The State's and the District Court's proffered construction would require the Court to "insert what has been omitted," § 1-2-101, MCA—specifically, an unstated requirement that a PCR petition from a municipal court conviction must be filed before the same district judge who heard the appeal. We will not read such a requirement into the statute where one does not exist. Sullivan complied with the statute when he filed his petition in Missoula County District Court. At that point, substitution of the presiding judge was governed by the Substitution Rule, which does not cabin the substitution of a judge in postconviction cases challenging a misdemeanor conviction.

¶10 The State argues that the policy reasons set forth in *Coleman v. State*, 194 Mont. 428, 434-35, 633 P.2d 624, 628 (1981), support this Court limiting the right to substitute a judge under § 46-21-101(2), MCA. Although a statement of policy is "often a relevant aid in the construction of [a] vague or ambiguous statutory provision[]," policy does not overcome "a clear and unambiguous statutory provision or scheme." *Clark Fork Coal. v. Mont. Dep't of Nat. Res. & Conservation*, 2021 MT 44, ¶ 43, 403 Mont. 225, 481 P.3d 198. *See also Rairdan v. State*, 2021 MT 247, ¶ 13, ___ Mont. ___, ___ P.3d ___. The State's policy arguments could be advanced in considering revisions to the Substitution Rule. As it stands, however, neither that rule nor the postconviction statutes precluded Sullivan's substitution request.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. Under the plain

language of § 46-21-101(2), MCA, Sullivan is not barred from seeking a substitution of judge under § 3-1-804(1), MCA.  We find it unnecessary to consider Sullivan's additional arguments.  The District Court's October 27, 2020 order denying substitution is reversed, and the case is remanded for further proceedings.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE