FILED

04/12/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0346

DA 21-0346

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 76

STATE OF MONTANA,

Plaintiff and Appellee,

v.

WILLIAM DEAN GRUSSING,

Defendant and Appellant.

APPEAL FROM:     District Court of the Fourteenth Judicial District,
In and For the County of Golden Valley, Cause No. DC-20-04
Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

David Merchant, II, The Law Office of David Merchant, Billings, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

Kevin Peterson, Golden Valley County Attorney, Ryegate, Montana

Submitted on Briefs:  March 16, 2022

Decided:  April 12, 2022

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 William Dean Grussing appeals the Fourteenth Judicial District Court's denial of his motion to suppress evidence obtained from a blood draw conducted pursuant to a search warrant issued by Wheatland County Justice of the Peace Richard Egebakken. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 While traveling through Golden Valley County, Grussing lost control of and rolled his truck and camper trailer. Montana State Highway Trooper Brennan Boots arrived on the scene and began a crash investigation. Trooper Boots saw open alcoholic beverage containers inside the vehicle and observed Grussing displaying signs of intoxication. When questioned, Grussing admitted to Trooper Boots that he had consumed alcohol. Trooper Boots conducted roadside sobriety tests, which indicated further impairment. Grussing agreed to provide a preliminary breath test; it revealed a blood alcohol concentration (BAC) of 0.056 percent. Trooper Boots arrested Grussing and transported him to Wheatland Memorial Hospital (Hospital) in Wheatland County.

¶3 At the Hospital, Trooper Boots read Grussing the Montana Implied Consent form and requested that he consent to a blood draw. Grussing refused. Trooper Boots then contacted Justice of the Peace Egebakken by telephone to apply for a search warrant for the blood draw. Justice of the Peace Egebakken granted Trooper Boots a search warrant. Grussing's blood was drawn and sent to the Montana State Crime Lab. The Crime Lab's report indicated that Grussing's blood had a THC concentration of 15 ng/ml (+/- 3 ng/ml), nearly three times the legal limit. His BAC was 0.0025 percent. The State charged Grussing with three counts of felony criminal endangerment pursuant to § 45-5-207, MCA,

2

one count of felony tampering with witnesses and informants pursuant to § 45-7-206, MCA, one count of felony operation of a noncommercial vehicle by a person under the influence of delta-9-tetrahydrocannabinol pursuant to § 61-8-411, MCA, and one count of misdemeanor driving while revoked or suspended pursuant to § 61-5-212, MCA.

¶4    Grussing moved the District Court to suppress evidence obtained from the blood draw, arguing that Justice of the Peace Egebakken lacked jurisdiction to issue the warrant because the accident and crimes occurred in Golden Valley County. The State opposed the motion, contending that the location of the search—Wheatland County—not the location of the crime, controlled whether Justice of the Peace Egebakken had jurisdiction. The District Court agreed and denied Grussing's motion to suppress. Grussing subsequently pleaded guilty to all charges, and the District Court entered judgment against him.

## STANDARDS OF REVIEW

¶5    "We review the denial of a motion to suppress to determine whether the lower court's findings of fact were clearly erroneous; we review de novo the court's interpretation and application of the governing law." *State v. Smith*, 2021 MT 324, ¶ 9, 407 Mont. 18, 501 P.3d 398 (citing *State v. Staker*, 2021 MT 151, ¶ 7, 404 Mont. 307, 489 P.3d 489).

## DISCUSSION

¶6    *Did the Wheatland County Justice of the Peace have jurisdiction to issue a search warrant for a blood draw conducted in Wheatland County when the crime was committed in Golden Valley County?*

¶7    Grussing contends that the District Court misapplied § 46-5-220(2)(a), MCA, when it concluded that Justice of the Peace Egebakken had jurisdiction to issue a warrant for his blood draw in Wheatland County. Our role when interpreting a statute "is to implement

3

the objectives the legislature sought to achieve." *Holms v. Bretz*, 2021 MT 200, ¶ 8, 405 Mont. 186, 492 P.3d 1210 (citation and quotation omitted). If the plain language of a statute is "clear and unambiguous," our interpretation ends there. *Holms*, ¶ 9 (citation and quotation omitted).

¶8     A justice of the peace may issue a search warrant "within the judge's geographical jurisdiction." Section 46-5-220(2)(a), MCA. Citing § 3-10-303, MCA, Grussing asserts that the jurisdiction of a justice of the peace is limited to "public offenses committed within the respective counties in which the courts are established[.]" Grussing extrapolates this criminal jurisdiction requirement to conclude that a justice of the peace is not authorized to issue a search warrant for a search conducted in his or her county if the offense was committed in another county.

¶9     Grussing's construction conflates the Justice Court's criminal jurisdiction with its authority to issue a search warrant. Section 3-10-221, MCA, provides, "Justices of the peace must perform such duties as are prescribed in this chapter . . . and any other duties prescribed by law." Though § 3-10-303, MCA, limits a justice court's criminal jurisdiction to "public offenses committed" within the confines of the county in which the court is located, it does not speak to the issuance of a search warrant. Section 46-5-220(2)(a), MCA, does, and it—not § 3-10-303, MCA—governs a justice court's ability to issue a search warrant. Section 46-5-220, MCA, allows a district court to issue a warrant anywhere within the state but confines limited jurisdiction courts to their geographic jurisdictions. The statute notably uses the term "*geographic* jurisdiction," not "civil jurisdiction" (defined in § 3-10-301, MCA) or "criminal jurisdiction" (defined in § 3-10-303, MCA). It

4

does not limit a justice court to issuing a search warrant only for alleged offenses committed within the court's county. The statute instead speaks to the geographic boundaries of the court's jurisdiction. The geographical limitation contained in § 46-5-220(2)(a), MCA, pertains to the location of the search, not to the location of the crime. To hold otherwise would require the Court impermissibly to "insert what has been omitted" from the statute. Section 1-2-101, MCA.

¶10 The plain language of § 46-5-220(2)(a), MCA, is clear and unambiguous. The District Court did not err when it concluded that Justice of the Peace Egebakken had jurisdiction to issue a search warrant for Grussing's blood draw in Wheatland County. It is immaterial that the factual basis supporting Trooper Boots's probable cause for the search warrant arose out of a vehicle accident in Golden Valley County.

## CONCLUSION

¶11 We affirm the District Court's February 11, 2021 order denying Grussing's motion to suppress.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE

5